Argued and submitted December 29, 1982, affirmed January 25, 1983

# CAPSEY,
*Appellant,*

*v.*

# DEPARTMENT OF REVENUE,
*Respondent.*

(TC 1492, SC 28785)

657 P2d 680

Robert R. Dickey, Jr., Medford, argued the cause for appellant. With him on the briefs was Dickey & Dickey, Medford.

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

Before Lent, Chief Justice, Linde, Peterson, Campbell, Roberts and Carson, Justices, and Jones, Justice pro tempore.

JONES, J.

## JONES, J.

This is a direct appeal from a final decree issued by the Oregon Tax Court affirming the Department of Revenue's opinion and order denying plaintiff a special farm assessment on his real property.

Plaintiff, a Medford, Oregon, dentist, owns 3.7 acres of land in Jackson County. It is not zoned exclusive farm use. His homesite lies on less than one acre of his property. The remaining acreage consists of a barn, five pastures, a dry pasture, and irrigation equipment and fencing. The dry pasture is used when the other pastures are too wet and is also used as a horse riding arena.

Plaintiff derived income by renting his pasture land and facilities to horseowners. Although his tenants were responsible for the care of their own animals, plaintiff planted, cultivated, irrigated, fertilized, and otherwise took care of the pastures, and maintained the fencing and barn.

Plaintiff applied for a farm use assessment on land not in an exclusive farm use zone. The Oregon Tax Court held that plaintiff should be denied a farm use assessment because his renters' sole activity was the keeping and grazing of pleasure horses on the property.

From 1976 to 1980, plaintiff rented pasture at a price of $40 per month for the grazing of horses owned by his daughter's girl friends, many of whom used their horses in connection with their involvement in a 4-H Club project. There were never more than five or six horses kept on the property at one time. Each of the renters was responsible for the feeding and care of her own horse. Total gross income from pasture rental exceeded $500 per year in 1976, 1977, 1978, 1979 and 1980.

ORS 215.203(2)(a) defines "farm use" as

> "* * * the current employment of land for the primary purpose of obtaining a profit in money by raising, harvesting and selling crops or by the feeding, breeding, management and sale of, or the produce of, livestock, poultry, fur-bearing animals or honeybees or for dairying and the sale of dairy products or any other agricultural or horticultural use or animal husbandry or any combination thereof. * * *"

The tax court said:

"Plaintiff does not make a serious claim that his personal use of the subject property as a garden and as pasture for horses belonging to himself and his daughter constituted a farm use. The question that must be answered is whether plaintiff's rental of pastureland to outside individuals for the grazing of their pleasure horses was a 'current employment of the land' sufficient to qualify the subject property for special assessment under the terms of ORS 215.203." 9 OTR at 162.

In *Linfoot v. Dept. of Revenue,* 4 OTR 489, 492-93 (1971), the taxpayer leased 6.56 acres of grassland to his neighbor for use as a pasture for personal riding horses. The court stated:

"* * * There must be a current employment of land for the purpose of obtaining a profit in money through certain specified acts. The act of leasing the property is not one of them. The activity of the lessee must be regarded as the use and the question must be asked, what is he using the property for? * * *"

*See also Taylor v. Dept. of Rev.,* 6 OTR 496 (1976).

In *Beddoe v. Dept. of Rev.,* 8 OTR 186, 190-91 (1979), the court said:

"The great boon of tax relief to the bona fide farmer through the special exemption for farm use is not to be extended to the professional man's fine residence in a filbert orchard, the city worker's five suburban acres and a cow, the retired person's 20 acres of marginal land on which a travel trailer constitutes the personal residence, unless the day-to-day activities on the subject land are principally and patently directed to achieving a profit in money through the farm use of the land."

We agree with the concepts set forth by the tax court in *Linfoot* and *Beddoe.*

As in *Linfoot,* it is clear in this case that the individuals renting pasture from plaintiff were doing so for personal reasons, and not for the primary purpose of obtaining a profit within the meaning of ORS 215.203. It is equally clear that Dr. Capsey's use does not meet the definition of a "farm use." He was merely leasing the property for non-farm use. The plaintiff is not entitled to

the "boon of tax relief" referred to in *Beddoe* which is intended only for the bona fide farmer.

The decision of the Oregon Tax Court is affirmed.