# LINN COUNTY,
*Appellant,*

*v.*

# HICKEY,
*Respondent.*

(86-1702; CA A49228)

778 P2d 509

John T. Gibbon, Civil Deputy District Attorney, Albany, argued the cause for appellant. With him on the brief was Jason Carlile, District Attorney, Albany.

Andrew P. Ositis, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff Linn County brought this action to enjoin defendant from operating a dog kennel on his property in an exclusive farm use zone. County contended that kennels are a prohibited use of the property under county zoning regulations. During trial, county agreed that defendant, who has been engaged in kennel operations since the 1960's, has acquired a nonconforming use. The trial court apparently concluded that the nature and extent of the nonconforming use was to be determined as of February 1, 1986, the effective date of a county ordinance that prohibits kennels in the zone. The court entered a judgment enjoining defendant from conducting more intensive kennel operations than he was engaged in on the measuring date. County appeals, contending that defendant's activity was contrary to zoning laws or ordinances that were in effect before the 1986 ordinance was enacted and that the nature and extent of the nonconforming use should be defined as of the time that those regulations became applicable.

County enacted zoning ordinances in 1972 and 1980. The ordinances defined the "farm use" that was permitted outright in EFU zones as including the "feeding, breeding, management and sale of * * * livestock, poultry, furbearing animals or honeybees * * * or animal husbandry." *See* ORS 215.203. They also defined "kennels," but made no specific provision about their permissibility in EFU zones. County argues that, although the 1972 and 1980 ordinances did not expressly prohibit the use of EFU land for kennels, they did not permit the use, outright or conditionally. Defendant contends that, in the absence of more specific legislation bearing on the subject,[1] kennel operations constitute "animal husbandry" and therefore come within the definition of "farm use." We agree. "Animal husbandry" is defined by *Webster's Third New International Dictionary* 85 (1971) as "a branch of agriculture concerned with the production and care of domestic animals." *See also Harris v. Board of Appeals,* 44 Ohio St 2d 144, 73 Ohio Ops 2d 451, 338 NE2d 763 (1975).

County also contends that defendant's use became

---

[1] More specific legislation appears to have been provided by Oregon Laws 1985, chapter 583, which will be discussed below.

nonconforming on the effective date of Oregon Laws 1985, chapter 583, which amended ORS 215.213 and ORS 215.283 to permit dog kennels as conditional uses in EFU zones. ORS 215.213(2)(L); ORS 215.283(2)(m). Those statutes previously made no mention of kennels. County reasons:

> "In order to be in compliance with Oregon law from that date forward new kennels and modifications in old kennels that amounted to an alteration or expansion of the non-conforming use in EFU zones could only be approved subject to reasonable conditions whether those conditions were imposed on a case by case basis or by the county adopting conditions of approval for kennels as a class."

Although ORS 215.213(2) makes the establishment of the uses that it describes permissible if they meet "reasonable standards adopted by the [county] governing body," and ORS 215.283(2) subjects their establishment "to the approval of the governing body or its designate," we do not agree with county that previously permitted uses became nonconforming the instant that the legislature included them in ORS 215.213(2) or ORS 215.283(2). Some period for county implementation, at the least, was contemplated. ORS 215.213(2) and ORS 215.283(2) are not self-executing. They regulate county decisions and legislation pertaining to conditional uses in EFU zones.

Moreover, county's argument is bootstrapping in its worst form. According to its brief, county's 1986 ordinance was promulgated in response to Oregon Laws 1985, chapter 583. Its argument appears to be that the use became nonconforming by virtue of the statute that would permit it, rather than by virtue of county's later action that prohibits what the statute said it could allow.

We reject county's arguments that defendant's use became nonconforming before the 1986 ordinance took effect. County also contends that defendant's nonconforming use should not be defined to include his maintenance of dogs for use in medical research, because defendant's primary activity for most of the period that he has owned the property has been the maintenance of hunting dogs. Whether county intends that argument to stand independently of its arguments concerning the time that the use became nonconforming is one of the many things that its brief makes unclear. If the argument

is so intended, the trial court found that defendant's use of the property to raise medical research animals predated the 1986 ordinance and, on *de novo* review, so do we.

County's remaining arguments do not require discussion.

Affirmed.