# IN THE OREGON TAX COURT

Hildur E. FITZWATER
*v.*
DEPARTMENT OF REVENUE
(TC 2990)

Wallace Fitzwater, Clackamas, represented plaintiff.

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered August 12, 1991.

**CARL N. BYERS, Judge.**

This matter is before the court on defendant's Motion For Summary Judgment. The parties stipulated to the facts and defendant filed a memorandum in support of its motion.

Plaintiff owns 32.19 acres in Clackamas County, 27.39 acres of which were specially assessed as farm use. In early 1989, the assessor's office inspected the property and

found the presence of seven horses but no apparent agricultural use. The assessor sent plaintiff a gross income questionnaire. Plaintiff's response claimed farm use income from the rental of pasture for six horses.

The parties have stipulated:

"During the time in question, the plaintiff did not simply rent the use of the pasture land to third parties who owned the horses described above. Rather, plaintiff charged a fee for boarding of the horses for those third parties. As a result of accepting this boarding fee, plaintiff was responsible to provide food and care for the horses while boarded at the subject property. During the months of December through April of the years at issue, the horses were fed by hay supplied by the plaintiff. During the remaining time, the horses were nourished by grazing in and eating pasture grass grown on plaintiff's fields located at the subject property."

The income plaintiff earned from boarding of horses exceeded the minimum amount required for special farm use assessment. Nevertheless, on or about June 30, 1989, the assessor removed the 27.39 acres from farm use assessment.

The issue before the court is whether boarding of horses for profit is a "farm use" within the meaning of ORS 215.203.

ORS 215.203(2)(a) (1987 Replacement Part) provides in relevant part:

"As used in this section, 'farm use' means the current employment of land for the primary purpose of obtaining a profit in money by * * * the feeding, breeding, management and sale of, or the produce of, livestock, * * * or any other agricultural or horticultural use or animal husbandry or any combination thereof."

The boarding of horses comes within the literal terms of the statute as "feeding" livestock. However, the historical treatment of boarding of horses, as set forth by defendant in its memorandum, establishes that the legislative intent is to the contrary.

■ While ORS 215.203 defines farm use, ORS 215.213 sets forth certain specific activities that may be established within an exclusive farm use (EFU) zone. ORS 215.213 has two main divisions: (1) unconditional uses and (2) conditional

uses. Prior to 1979, the statute described all such uses, both conditional and unconditional, as "nonfarm" uses. In 1977, the legislature amended ORS 215.213, adding "boarding of horses for profit" to the list of conditional nonfarm uses allowed in an EFU zone. Or Laws 1977, ch 788, § 1. In 1979, the legislature removed the term "nonfarm" from the description of the unconditional uses. Or Laws 1979, ch 480, § 2. In 1983, the term "nonfarm" was removed from the description of the conditional uses allowed, one of these being the boarding of horses for profit. Or Laws 1983, ch 826, § 6.[1]

This legislative history raises several questions. What was the legislature's intent in removing the term "nonfarm" from ORS 215.213? The legislative history is silent on this point. However, the most likely explanation is that "nonfarm" use was deleted from ORS 215.213(2) as surplus. ORS 215.203(1) required that land within an EFU zone "be used exclusively for farm use except as *otherwise provided* in ORS 215.213 or 215.283." ORS 215.203(1) (1983 Replacement Part) (emphasis added). Looking at the uses allowed by the statute, it is unlikely the legislature intended those uses to qualify as farm use. If boarding of horses for profit was considered a farm use, there was no need to list it as a conditional "alternative" use. The very act of including it in ORS 215.213 seems an expression by the legislature that it is not a farm use.[2]

■■ The guiding standard is legislative intent. The words of the statutes, taken together, are not consistent. Although boarding of horses for profit may fit within the words of ORS 215.203(2), the legislature did not consider that activity a farm use. If the legislature viewed boarding of horses as a farm use there would be no history of its inclusion in ORS 215.213 and ORS 215.283. It is not clear why the legislature

---

[1] In section 17 of the same law, the legislature adopted a parallel provision (ORS 215.283) for counties not amending their comprehensive plans to deal with marginal lands. This parallel provision was amended in 1987 to make boarding of horses for profit an unconditional use in EFU zones which fell under ORS 215.283. Or Laws 1987, ch 729, § 5a.

[2] The only clear exception is aquatic species farming. It is specifically defined as a farm use by ORS 215.203(2) but is also a conditional use under ORS 215.213(2) and a conditional nonfarm use under ORS 215.283(2). The aquatic species language was added in 1985. Or Laws 1985, ch 604, §§ 2-4.

considered it a nonfarm use. It may have decided that boarding of horses is a service which, although closely associated with agriculture, is something different than "farm use."[3]

It is significant that boarding of horses for profit is a *conditional* use under ORS 215.213. Before boarding of horses for profit will be allowed in an EFU zone, the activity must meet "reasonable standards adopted by the governing body." Or Laws 1983, ch 826, § 6. If it was considered a farm use, it should not be necessary to obtain approval to be in a farm use zone.

Based on the above, the court finds defendant's Motion For Summary Judgment must be granted. Now, therefore,

IT IS ORDERED that defendant's Motion For Summary Judgment is granted and plaintiff's complaint is dismissed. Costs to neither party.

---

[3] It is difficult to discern any consistent standard. For example, if farm use suggests an agricultural or animal husbandry type activity for profit, why should the legislature specify that boarding of horses must be "for profit" to qualify as an alternative use. Under this statute, a nonprofit horse boarding operation would not be a permitted use.