# IN THE OREGON TAX COURT

## Soon C. KANG
*v.*
## DEPARTMENT OF REVENUE
(TC 3258)

Rodney C. Adams, Thompson, Adams, DeBast & Helzer, Beaverton, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered March 25, 1993.

**CARL N. BYERS, Judge.**

Plaintiff owns property in Multnomah County used for breeding, kenneling and training of greyhounds. On May 16, 1991, the assessor disqualified the land from special farm use assessment and assessed additional tax under ORS 308.399.[1] Plaintiff appealed to defendant. After hearing, defendant denied the petition and plaintiff appealed to this court.

---

[1] All references to Oregon Revised Statutes are to the 1989 Replacement Part.

ORS 308.370(1) provides:

"Any land which is within a farm use zone * * * and which is used exclusively for *farm use as defined in ORS 215.203(2)*, shall, for purposes of assessment, be valued * * * at its true cash value for farm use and not at the true cash value it would have if applied to other than farm use." (Emphasis added.)

ORS 215.203(2)(a) defines farm use as:

"[T]he current employment of land for the primary purpose of obtaining a profit in money by raising, harvesting and selling crops or the feeding, breeding, management and sale of, or the produce of, livestock, poultry, fur-bearing animals or honeybees or for dairying and the sale of dairy products or any other agricultural or horticultural use or animal husbandry or any combination thereof."

Plaintiff pointed out that breeding and kenneling of dogs has been adjudicated to be "animal husbandry" and within the definition of farm use in Oregon. *See Linn County v. Hickey*, 98 Or App 100, 102, 778 P2d 509 (1989). However, the court in *Linn County* noted that this applied "in the absence of more specific legislation bearing on the subject." *Id.* Defendant argues that because ORS 215.213 lists non-farm uses that are allowed in farm-use zones, it is "specific legislation which bear[s] on the subject." *Id.*

ORS 215.213(1)(L) provides:

"(1)   The following uses may be established in any area zoned for exclusive farm use.

"* * * * *

"(L)   The breeding, kenneling and training of greyhounds for racing in any county over 200,000 in population in which there is located a greyhound racing track or in a county of over 200,000 in population contiguous to such a county."

The parties have stipulated the issues before the court. Since there is no question that breeding and kenneling of dogs is animal husbandry, the only remaining question is:

"Does the specific authority, granted in ORS 215.213 (1)(L) preclude such use from being a farm use under ORS 215.203(2)(a)?"

The court finds that it does. The legislature has, with some specificity, provided a limited definition of farm use. *See* ORS 215.203(2). That definition includes "animal husbandry." Generally, the breeding and kenneling of dogs might well be determined to be within the definition of farm use. However, by expressly placing that activity in the list of nonfarm uses, the legislature has determined that such use is not a farm use by its definition. By amending ORS 215.213 in 1985 to specifically provide for greyhounds in subsection (1)(L)[2] and to provide for other dog kennels in subsection (2)(L), the legislature made it clear that breeding and kenneling dogs was not a farm use. *See* Or Laws 1985, ch 583, § 1.

Plaintiff's evidence indicated that the greyhound industry had experienced inconsistent treatment in land use rulings by the various counties. It sought a legislative solution through the 1985 legislature. Plaintiff argues that it was not the purpose of the legislation to affect special farm assessment. Rather, the greyhound provision was added to ORS 215.213 as a way of getting the counties to recognize and allow greyhound breeding in EFU zones.

■   Plaintiff's view of the facts may be correct. However, it does not change the result. The legislature could have made kenneling of dogs or dog breeding an express part of the definition of farm use. It did not. Instead, it provided a limited provision for greyhound breeding in counties with populations over 200,000. It also provided a conditional use for other dog kennels. Placing both of these provisions in ORS 215.213 is a clear indication that the legislature did not view these uses as farm use. Just as farmhouses or barns might be considered farm use in a broad definition, the legislature has apparently determined that such structures should not fall within its narrow definition of farm use. Consequently, any use which does not fall within the legislature's narrow definition does not qualify for special assessment under ORS 308.370(1).

■   In conclusion, the court finds that the specific provision in ORS 215.213(1)(L) for the breeding, kenneling and

---

[2] When ORS 215.213 was amended in 1989, the greyhound provision was changed from subsection (1)(K) to subsection (1)(L) but the reference in subsection 2(L) was not corrected. *See* Or Laws 1989, ch 861, § 1.

training of greyhounds effectively excludes that activity from the legislature's definition of farm use as found in ORS 215.203(2). *See Fitzwater v. Dept. of Rev.*, 12 OTR 48, 51 (1991). Accordingly, the court sustains defendant's Opinion and Order No. 91-1263. Defendant to recover costs.