Albert M. and Catherine A. JENSEN

*v.*

DEPARTMENT OF REVENUE

(TC 3455)

Plaintiffs appeared *pro se.*

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered January 20, 1994.

**CARL N. BYERS, Judge.**

Plaintiffs appeal the disqualification of their land for special farm use assessment for 1991-92. Although three accounts were initially disqualified, plaintiffs subsequently placed two of those accounts in designated forestland, leaving only one parcel in dispute.

The subject property is 8.98 acres of land located near Sutherlin. The property is improved with a house and barn and is fenced. The subject parcel is not located in an exclusive farm use zone.

Plaintiffs purchased the subject property and two adjacent parcels in late 1991, at which time they became aware of the special farm use assessment. They promptly went to the assessor's office to learn the rules governing special farm use assessment. The assessor's office furnished them with a basic information sheet but did not provide a list of acceptable and unacceptable uses. Plaintiffs, unaware of

any rule to the contrary, believed the boarding of horses was an allowable farm use.

In February 1992 plaintiffs placed an advertisement in the local newspaper for "horse boarding," either pasture or stall. They received several calls but no customers. In March an individual arranged to pasture two horses on the property for $55 per month. This arrangement terminated June 12, 1992. Although plaintiffs received income for two months, none is shown on their income-expense records.

Also in February 1992 plaintiffs purchased an appaloosa colt, a bull and six sheep. These animals grazed on the land and were fed some of the hay crop. In 1992 plaintiffs harvested a perennial hay crop in excess of 300 bales, 133 of which were sold at $1.50 per bale in October and December. Plaintiffs sold the bull and five sheep (one sheep had died) on December 7, 1992, for $620 net income.

The assessor's office called the telephone number in plaintiffs' horse boarding advertisement to learn the identity of the property and its owner. Based on that telephone call, on June 15, 1992, the assessor's office disqualified the property from farm use. An employee from the assessor's office then visited the subject property. The employee found no one home and saw only two horses and no other animals. This employee concluded that plaintiffs were boarding horses, a nonfarm use. The assessor's office then sent plaintiffs a notice of disqualification.

The issue is whether the subject land was disqualified for special farm use assessment by virtue of pasturing the horses.

ORS 308.370(2) provides the special farm use assessment.

"(2)   Any land which is not within a farm use zone but which is being used, and has been used for the preceding two years, exclusively for farm use as defined in ORS 215.203(2) shall, * * * be valued at its value for farm use and not at the real market value * * *."

ORS 215.203(2)(a) defines "farm use" as:

"the current employment of land for the primary purpose of obtaining a profit in money by raising, harvesting and

8

selling crops or the feeding, breeding, management and sale of, or the produce of, livestock, poultry, fur-bearing animals or honeybees or for dairying and the sale of dairy products or any other agricultural or horticultural use or animal husbandry or any combination thereof."

In *Fitzwater v. Dept. of Rev.*, 12 OTR 48 (1991), this court held the boarding of horses is not a farm use.[1] Furthermore, even if pasturing of horses does not constitute "boarding," court decisions have made it clear that pasturing of pleasure horses is not a farm use. *Linfoot v. Dept. of Rev.*, 4 OTR 489 (1971), and *Capsey v. Dept. of Rev.*, 294 Or 455, 657 P2d 680 (1983).

In reviewing court decisions dealing with the use of land for purposes of special assessment, it is appropriate to quote the decision in *Beddoe v. Dept. of Rev.*, 8 OTR 186, 190-91 (1979), which states:

"The great boon of tax relief to the bona fide farmer through the special exemption for farm use is not to be extended to the professional man's fine residence in a filbert orchard, the city worker's five suburban acres and a cow, the retired person's 20 acres of marginal land on which a travel trailer constitutes the personal residence, unless the day-to-day activities on the subject land are principally and patently directed to achieving a profit in money through the farm use of the land."

Having noted the limitations and restrictions surrounding special farm use assessment, the court nevertheless finds the preponderance of the evidence favors plaintiffs. Plaintiffs moved to Oregon with the intent of participating in rural life. Although Mrs. Jensen was employed outside the home during the year in question, Mr. Jensen was not and could spend full time in farm activities. Plaintiffs had limited assets and stretched their budget to purchase the subject property. As a consequence, they needed to make a profit from the land to help pay for it. Although plaintiffs' farm activities were not intensive, they were sufficient to constitute a *bona fide* effort to make a profit from the land.

---

[1] This decision has been legislatively overruled as of November 4, 1993, by virtue of amendments to ORS 215.203 making "stabling and training equines" a farm use. Or Laws 1993, ch 704; § 1.

■     Although pasturing of pleasure horses is not a farm use, that was a short-term use. For property to be qualified for special farm use assessment, it must be "exclusively" used for farm use.

The Supreme Court has stated that:

" 'Exclusively used' is primary use made of the property, and its use for exemption purposes is measured by the reasonable applicability of the property to carry out the purposes of the exempt taxpayer." *Willamette Univ. v. Tax Com.*, 245 Or 342, 344-345, 422 P2d 260 (1966).

The court finds that the primary use of the subject property was for farm use and the pasturing of horses was only incidental. Department's Opinion and Order No. 92-4645 will be set aside and judgment entered consistent with this opinion. Costs to neither party.